JUDGE ENGELMAYER  15  CV  02727

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

RECEIVED
APR 0 8 2015
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

YOLANDA MARTINEZ,
*on behalf of herself, FLSA Collective Plaintiffs
and the Class,*

                              Plaintiff,

                   -against-

GULLUOGLU LLC, WHOLESALE GULLUOGLU LLC,
GULLUOGLU BRIGHTON LLC,
JOHN DOE CORPS 1-2, ERCAN KARABEYOGLU and
MEHMET NEJAT GULLU

                              Defendants.

---

Case No.


**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

Plaintiff, YOLANDA MARTINEZ, on behalf of herself and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, WHOLESALE GULLUOGLU LLC, GULLUOGLU LLC, GULLUOGLU BRIGHTON LLC, JOHN DOE CORPS 1-2 (collectively, the "Corporate Defendants"), ERCAN KARABEYOGLU and MEHMET NEJAT GULLU (collectively, the "Individual Defendants," and together with the Corporate Defendants, the "Defendants"), and states as follows:

1

## INTRODUCTION

1.   This is a civil action based upon violations committed by the Defendants, WHOLESALE GULLUOGLU LLC, GULLUOGLU LLC, GULLUOGLU BRIGHTON LLC, JOHN DOE CORPS 1-2, ERCAN KARABEYOGLU and MEHMET NEJAT GULLU.

2.   Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that she is entitled to recover from Defendants: (1) unpaid overtime (2) liquidated damages and (3) attorneys' fees and costs.

3.   Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (1) unpaid overtime, (2) compensation for unpaid spread of hours premiums, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

4.   Plaintiff further alleges that, pursuant to New York Human Rights Law. N.Y. Exec. Law § 296, she is entitled to recover from Defendants for discrimination based on sex: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

5.   Plaintiff further alleges that, pursuant to New York City Human Rights Law, Administrative Code of the City of New York § 8-107 *et seq.*, she is entitled to recover from Defendants for discrimination based on sex: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.   Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

8.   Plaintiff, YOLANDA MARTINEZ, is a resident of Bronx County, New York.

9.   Corporate Defendants:

(a)   GULLUOGLU LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located at 30-92 31st Street, Astoria, New York 11102;

(b)   WHOLESALE GULLUOGLU LLC is a domestic limited liability company organized under the laws of the State of New York with a principal executive office and an address for service of process located at 30-92 31st Street, Astoria, New York 11102;

(c)   GULLUOGLU BRIGHTON LLC is a domestic limited liability company organized under the laws of the State of New York with a principal executive office and an address for service of process located at 231 Brighton Beach Avenue, Brooklyn, New York 11235;

(d)   JOHN DOE CORP. 1 d/b/a GULLUOGLU BAKLAVA CAFÉ is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 982 2nd Avenue, New York, NY 10022; and

(e)   JOHN DOE CORP. 2 d/b/a GULLUOGLU BAKLAVA CAFÉ is a corporation organized under the laws of the State of New Jersey, with a principal place of business and an address for service of process located at 611 Anderson Avenue, Cliffside Park, New Jersey 07010.

10.   Individual Defendants:

(a)   ERCAN KARABEYOGLU is a member and the chief executive officer of all Corporate Defendants. ERCAN KARABEYOGLU exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the

3

power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class at each of the restaurant locations. At all times, employees could complain to ERCAN KARABEYOGLU directly regarding any of the terms of their employment, and ERCAN KARABEYOGLU would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ERCAN KARABEYOGLU regularly visits each of the Gulluoglu Baklava Café Restaurants and he directly reprimands any employee who does not perform his duties correctly.

ERCAN KARABEYOGLU additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and the Class. ERCAN KARABEYOGLU exercises functional control over the business and financial operations of all Corporate Defendants. He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Gulluoglu Baklava Café Restaurants are operating efficiently and profitably.

(b)   Upon information and belief, MEHMET NEJAT GULLU is a member of all Corporate Defendants. He exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. He exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, the FLSA Collective Plaintiffs and the Class members. He

also exercised the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

11.    The Defendants operate a café restaurant enterprise using the common trade name "Gulluoglu." There are four locations of Gulluoglu Baklava Café restaurants, along with a website for products selling ("Online Sales Site"), with locations as follows:

(a) 30-92 31st Street, Astoria, NY 11102 ("Astoria Gulluoglu");

(b) 982 2nd Avenue, New York, NY 10022 ("Manhattan Gulluoglu");

(c) 231 Brighton Beach Avenue, Brooklyn, NY 11235 ("Brighton Gulluoglu");

(d) 611 Anderson Avenue, Cliffside Park, NJ 07010 ("Cliffside Park Gulluoglu");

and together with the Online Sales Site, the "Gulluoglu Baklava Café Restaurants."

12.    The Gulluoglu Baklava Café Restaurants operate as a single integrated enterprise. Specifically, the Gulluoglu Baklava Café Restaurants are engaged in related activities, share common ownership and have a common business purpose. The Gulluoglu Baklava Café Restaurants are commonly owned by the Individual Defendants, who manage the Gulluoglu Baklava Café Restaurants at a central office located at 30-92 31st Street, Astoria, NY 11102. The Gulluoglu Baklava Café Restaurants share a common logo, serve similar menu items and are advertised jointly as a common enterprise on Defendants' website, http://gulluoglubaklava.com. The Gulluoglu Baklava Café Restaurants also use one common fax number and e-mail address (gulluogluusa@gmail.com) (*See Exhibit 1*). Merchandise and employees are interchangeable amongst the Gulluoglu Baklava Café Restaurants.

13.    At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

5

14.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.    Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including servers, bussers, food preparers, cooks, line-cooks, dishwashers, cleaning persons, and bartenders) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16.    At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure

("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including servers, bussers, food preparers, cooks, line-cooks, dishwashers, cleaning persons, and bartenders) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19.  All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20.  The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

21.  Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.  Plaintiff is able to fairly and adequately protect the interests of the Class and have

no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)   Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b)   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c)   At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d)   Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e)   Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law;

f)   Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law; and

g) Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law.

## INDIVIDUAL ALLEGATIONS – NEW YORK

26.    Plaintiff brings claims for relief as an individual action pursuant to New York Executive Law § 296, *et seq.*, and the Administrative Code of the City of NY § 8-107, *et seq.*

27.    At all relevant times, Defendants knowingly and willfully discriminated against Plaintiff based on her sex, in direct contravention of the New York Human Rights Law and New York City Human Rights Law, as amended).

## STATEMENT OF FACTS

28.    In or about September 2014 until her wrongful termination on December 16, 2014, Plaintiff YOLANDA MARTINEZ was employed by Defendants to work as a busser for Defendants' Manhattan Gulluoglu restaurant, located at 982 2nd Avenue, New York, NY 10022.

29.    During Plaintiff's employment with Defendants, she worked over forty (40) hours per week and over ten (10) hours per day. Specifically, from September 2014 until November 2014, Plaintiff had a regular work schedule of 2:00 p.m. to 11:00 p.m. for 4 days per week, and 2:00 p.m. to 12:00 a.m. for 2 days a week. From November 2014 until the end of her employment, Plaintiff had a regular work schedule of 9:00 a.m. to 11:00 p.m. for 4 days per week, and 9:00 a.m.to 12:00 a.m. for 2 days a week.

30.    During Plaintiff's employment with Defendants, she was paid straight-time at a base hourly rate of $8.00 for all hours worked, including all hours worked over forty (40) in a workweek. Through personal observations and conversations with co-workers, Plaintiff noticed that employees were similarly compensated.

31.    Plaintiff became pregnant before her employment.

32.     On December 14, 2014, Plaintiff was given two weeks' notice of her termination, based solely on the fact that she was pregnant.

33.     Plaintiff was terminated on December 16, 2014, when she was about twenty-five weeks pregnant, even though Plaintiff was willing and able to adequately perform all her job duties.

34.     Plaintiff was replaced by a non-pregnant employee.

35.     Throughout her entire employment, Plaintiff was paid in cash and was not given any form of wage statements.

36.     Although Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants unlawfully failed to pay them either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over forty in a workweek.

37.     Plaintiff, FLSA Collective Plaintiffs, and Class members had workdays that regularly exceeded ten hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

38.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage notices or wage statements as required by NYLL. In fact, Defendants paid Class members, including Plaintiff, in cash and did not provide them with a wage statement or any other type of receipt with their payment of wages.

39.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF, FLSA COLLECTIVE PLAINTIFFS AND CLASS MEMBERS

40.    Plaintiff realleges and reavers Paragraphs 1 through 39 of this class and collective action Complaint as if fully set forth herein.

41.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff, FLSA Collective Plaintiffs and Class members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.    At all relevant times, Defendants employed Plaintiffs, FLSA Collective Plaintiffs and Class members within the meaning of the FLSA.

43.    At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

44.    At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, FLSA Collective Plaintiffs and Class members for their hours worked in excess of forty hours per workweek.

45.    Records, if any, concerning the numbers of hours worked by Plaintiff, FLSA Collective Plaintiffs and Class members and the actual compensation paid to Plaintiff, FLSA Collective Plaintiffs and Class members should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be

taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46.   Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, FLSA Collective Plaintiffs and Class members at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

47.   Defendants failed to properly disclose or apprise Plaintiff, FLSA Collective Plaintiffs and Class members of their rights under the FLSA.

48.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, FLSA Collective Plaintiffs and Class members are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

49.   Due to the intentional, willful and unlawful acts of Defendants, Plaintiff, FLSA Collective Plaintiffs and Class members suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

50.   Plaintiff, FLSA Collective Plaintiffs and Class members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

51.   Plaintiff realleges and reavers Paragraphs 1 through 50 of this class and collective action Complaint as if fully set forth herein.

52.   At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

13

53.   Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

54.   Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

55.   Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium required by state law.

56.   Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law § 195(1).

57.   Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

58.   Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW ON BEHALF OF PLAINTIFF

### (SEX DISCRIMINATION)

59.   Plaintiff realleges and reavers Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60.    New York Executive Law § 296 prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's sex.

61.    New York Executive Law § 296 provides the same protections as Title VII with regard to pregnancy discrimination. *See Quartarino v. Tiffany & Co.,* 71 F.3d 58, 63 (2d Cir. 1995).

62.    Plaintiff is an employee and a qualified person within the meaning of the New York State Human Rights Law ("NYSHRL") and Defendants are covered employers under the NYSHRL.

63.    Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by terminating her because of her pregnancy.

64.    Defendants knowingly and willfully violated the New York State Human Rights Law, as amended, because Defendants terminated the employment of Plaintiff on the basis of her sex.

65.    Due to Defendants' violations under The New York State Human Rights Law, as amended, based on discrimination of the basis of sex, Plaintiff is entitled to recover from Defendants: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW ON BEHALF OF PLAINTIFF

### (DISCRIMINATION)

66.    Plaintiff realleges and reavers Paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67.    The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

68.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender/sex.

69.    Plaintiff is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

70.    Defendants operated a business that discriminated against Plaintiff BANEGAS in violation of the NYCHRL by unlawfully terminating her because of her pregnancy.

71.    Defendants willfully violated The New York City Human Rights Law, as amended. They were aware of the blatant discrimination based on sex and yet failed to correct or reprimand the instigators of such harassing conduct.

72.    Defendants knowingly and willfully violated the New York City Human Rights Law, as amended, because Defendants terminated the employment of Plaintiff on the basis of her sex.

## COUNT V

## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE ON BEHALF OF PLAINTIFF

### (SUPERVISOR LIABILITY)

73.    Plaintiff realleges and reavers Paragraphs 1 through 72 of this Complaint as if fully set forth herein.

74.    New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a.  An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b.  An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   (1) the employee or agent exercised managerial or supervisory responsibility; or

   (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

75.   Defendants violated the section cited herein as set forth.

76.   At all relevant times, Defendants operated a business that discriminated against Plaintiff MARTINEZ, on the basis of her sex.

77.   Defendants willfully violated the New York City Human Rights Law, as amended. They were aware of blatant discrimination based on sex and yet failed to correct or reprimand the instigators of such harassing conduct.

78.   Due to Defendants' violations under The New York City Human Rights Law, as amended, based on discrimination of the basis of sex, Plaintiff is entitled to recover from Defendants: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.    An award of unpaid spread of hours premium due under the New York Labor Law;

e.    An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

f.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and spread of hours premium pursuant to the New York Labor Law;

h.    An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j.    Designation of this action as a class action pursuant to F.R.C.P. 23;

k.    Designation of Plaintiff as Representative of Class; and

l.    Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff on behalf of herself, respectfully requests that this Court grant the following relief:

a.    A declaratory judgment that Defendants engaged in unlawful employment practices under the FLSA, New York Labor Law, New York Executive Law § 296 *et seq*., and the New York City Administrative Code § 8-107 *et seq*.

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.     An award of damages to Plaintiff, retroactive to the date of her discharge and prior, for all lost wages and benefits, past and future, back and front pay, resulting from Defendants' unlawful employment practices and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

d.     An award of compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

e.     An award of punitive damages; and

f.     Such other and further relief as this Court deems equitable, just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: April 8, 2015

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By: _____
     C.K. Lee (CL 4086)