USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/15/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

YOLANDA MARTINEZ, *on behalf of herself, FLSA Collective Plaintiffs, and the Class*,

                                        Plaintiff,

              -v-

GULLUOGLU LLC et al.,

                                        Defendants.

------------------------------------------------------------------X

15 Civ. 2727 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

The parties have submitted to the Court an application for approval of a proposed Fair Labor Standards Act ("FLSA") settlement agreement (the "Agreement") in this matter. Dkt. 26. The Agreement requires defendants to pay plaintiff Yolanda Martinez $7,000, constituting $4,500 in back pay for unpaid wages and $2,500 for attorneys' fees. For the following reasons, the Court declines to approve the Agreement at this time.

First, the Agreement, titled "Confidential Settlement Agreement and General Release," contains a confidentiality provision that the Court must reject. Both before and after the Second Circuit's decision in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), courts in this Circuit have routinely found confidentiality provisions in FLSA settlements against public policy. *Souza v. 65 St. Marks Bistro*, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (collecting cases); *accord Thallapaka v. Sheridan Hotel Assocs. LLC*, No. 15 Civ. 1321 (WHP), 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) ("[T]he overwhelming majority of courts reject the proposition that FLSA settlements can be confidential."). In assessing the fairness and reasonableness of an FLSA settlement agreement, the Court must consider "both the rights of the settling employee and the interests of the public at large."

*Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592 (LAK), 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015). As the court explained in *Souza*, confidentiality provisions "that impose an obligation on a settling plaintiff to refrain from discussing any aspect of the case or the settlement 'come into conflict with Congress' intent . . . both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace.'" 2015 WL 7271747, at *4 (quoting *Camacho*, 2015 WL 129723, at *3 (internal quotation marks omitted)).

Here, while the parties have filed the Agreement on the public docket, it contains a provision prohibiting the parties, and "any of their representatives, including, but not limited to members of their immediate family," from disclosing to "any person or entity, other than among themselves or to their accountant, tax preparer, legal counsel, or to any appropriate governmental taxing authority, any of the terms of this Settlement Agreement." Dkt. 26, Ex. A ("Agmt."), ¶ 4. The Court agrees with other courts in this District that a provision of this type is "contrary to well-established public policy," *Kang Ming Sun v. Guang Jun Li*, No. 13 Civ. 8507 (WHP), 2015 WL 6125710, at *1 (S.D.N.Y. Sept. 15, 2015), and will not approve an agreement requiring such confidentiality.

Second, the Agreement contains a provision that bars Martinez and defendants from "disparag[ing] each other" or "say[ing] or do[ing] [any]thing to bring discredit upon the other." Agmt. ¶ 3. Courts in this District have held that while "not all non-disparagement clauses are *per se* objectionable, if the provision 'would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case. Otherwise, such a provision contravenes the remedial purposes of the [FLSA] and . . . is not fair and reasonable.'" *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (quoting *Lopez v. Nights*

2

*of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (internal quotation marks omitted)). Here, the non-disparagement provision contains no such carve-out. The Court will not approve an agreement containing this provision as written.

Third, the Agreement contains a grossly overbroad "Full General Release" provision that requires Martinez to waive essentially any claim that she might ever have against defendants or any related entities or individuals. Courts in this District routinely reject release provisions that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez*, 96 F. Supp. 3d at 181; *accord Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *3–4 (S.D.N.Y. Apr. 27, 2015) (provision releasing defendants "from any and all charges, complaints, claims and liabilities of any kind whatsoever" was "not 'fair and reasonable' because it encompasse[d] far too broad a range of possible claims"). "In the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Camacho*, 2014 WL 6985633, at *4.

Here, the Agreement requires Martinez to "fully, finally, irrevocably and forever release[] and discharge[] [defendants], including each of [their] current and former parent corporations, subsidiary and affiliated companies, divisions, related companies, partnerships, joint ventures, predecessors, successors, assigns, holding companies, officers, directors, shareholders, employees, attorneys and agents, from any and all claims[,] causes of action or complaints, in equity or at law, whether known at this time or not, which [Martinez] has or may have against [defendants], whether asserted in this action or not." Agmt. ¶ 2. This provision is "too sweeping to be 'fair and reasonable' and so must be rejected." *Lazaro-Garcia*, 2015 WL 9162701, at *2 (internal quotation marks and citation omitted). The Court will not approve a release provision

that extends beyond the claims at issue in this action. *See Lazaro-Garcia*, 2015 WL 9162701, at *2.

Finally, the Agreement provides for $2,500 in attorneys' fees, which is approximately 36% of the total settlement amount. *See* Agmt. ¶¶ 2(b), (d). Barring unusual circumstances not present here, courts in this District have declined to award fees constituting more than one-third of the total settlement amount in an FLSA action. *See, e.g., Lazaro-Garcia*, 2015 WL 9162701, at *3–4 (finding fees representing 39% of total settlement value excessive in "fairly straightforward" FLSA action); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (reducing award from 37% of net settlement amount to 33% because "fee in excess of one-third of the settlement amount disserves the FLSA's important interest in fairly compensating injured plaintiffs"); *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507 (JMF), 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases that reduce attorneys' fees greater than 33% of the settlement value). Because this case is relatively straightforward and has not progressed beyond the preliminary stage of discovery, the Court will not approve a provision for attorneys' fees exceeding 33% of the total settlement value.

The Court, therefore, declines, at this time, to approve the Agreement. The parties may proceed in one of the following three ways:

1. The parties may file a revised agreement by January 22, 2016, that does not include a confidentiality provision, non-disparagement provision, or general release provision that extends beyond the claims at issue in this action. If they do so, the Court will, at that time, assess the fairness and reasonableness of the proposed settlement, as well as its provision for attorneys' fees; or

2. The parties may file a joint letter by January 22, 2016, indicating their intention to abandon the settlement and to continue litigating this matter. If they do so, the Court intends to lift the stay of discovery, *see* Dkt. 24, and set a date for the next conference in this case; or

3. The parties may stipulate to a dismissal of this case *without* prejudice, as such settlements do not require court approval. *See Cheeks*, 796 F.3d at 201 n.2 (leaving for another day the question of whether district court or Department of Labor approval is required for dismissals without prejudice).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 15, 2016
New York, New York