UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

YOLANDA MARTINEZ, *on behalf of herself, FLSA*
*Collective Plaintiffs, and the Class,*

                                     Plaintiff,

                     -v-

GULLUOGLU LLC et al.,

                                 Defendants.

------------------------------------------------------------------X

15 Civ. 2727 (PAE)

<u>OPINION & ORDER</u>

PAUL A. ENGELMAYER, District Judge:

      On January 11, 2016, the parties submitted to the Court an application for approval of a proposed settlement agreement in this Fair Labor Standards Act ("FLSA") action. Dkt. 26. The application contained a joint letter, *id.* ("Letter"); the proposed agreement, *id.*, Ex. A; plaintiff Yolanda Martinez's damages calculation, *id.*, Ex. B; and Martinez's counsel's billing records, *id.*, Ex. C ("Invoice"). On January 15, 2016, the Court declined to approve the agreement because it contained a confidentiality provision, overbroad non-disparagement and general release provisions, and a provision for attorneys' fees that exceeded one-third of the total settlement value. *See* Dkt. 27, *reported at Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474 (S.D.N.Y. Jan. 15, 2016).

      On January 22, 2016, the parties submitted a revised agreement ("Revised Agreement"). Dkt. 28, Ex. A ("Agmt.").[1] For the reasons that follow, the Court approves the Revised Agreement.

---

[1] Pursuant to the Court's January 25, 2016 Order, Dkt. 29, that day, the parties submitted a supplemental joint letter clarifying what portion of the settlement award is to be allocated to attorneys' fees, costs, and expenses. Dkt. 30.

## I.    Background

Between September and December 2014, Martinez was employed by defendants as a busser at Gulluoglu Baklava Café, located at 982 2nd Avenue in Manhattan.  Letter at 1.  On April 8, 2015, Martinez brought this action.  She brings overtime and spread-of-hours claims against defendants under the FLSA and New York Labor Law ("NYLL").  *Id.*

Under the Revised Agreement, defendants are to pay Martinez a sum of $7,000 in two installments within 30 and 60 days, respectively, of the Court's approval of the settlement. Agmt. ¶ 2.  Of the total settlement amount, Martinez is to retain $4,690, and her counsel is to receive $2,310.  *See* Dkt. 30.  In exchange, Martinez will release defendants from all "federal and New York State wage and hour claims, which [Martinez] has or may have against [defendants]."  Agmt. ¶ 2.[2]  The Revised Agreement does not contain a confidentiality or non-disparagement provision.

## II.    Discussion

### A.    Approval of Settlement Agreement

Under the FLSA, any employer that violates the requirement to pay minimum or overtime wages "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  Rather, the parties must

---

[2] This release provision is far narrower than the general release provision previously rejected by the Court, which required Martinez to waive essentially any claim she might ever have against defendants or any related entity or individual.  *See* Dkt. 26, Ex. A, ¶ 2; Dkt. 27, at 3–4.

satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Factors that weigh against settlement approval "include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA non-compliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" *Id.* (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)).

Having considered the relevant factors, the Court finds they support approval of the Revised Agreement.

First, there are no signs of fraud or collusion. To the contrary, the Revised Agreement appears to be the product of arm's-length negotiations at which Martinez was represented by competent, experienced counsel. *See* Letter at 4. These negotiations followed an exchange of

relevant documents and an open sharing of facts and information, which no doubt informed the parties as to the strengths and weaknesses of their positions. *See id.*; Invoice (reflecting time spent by Martinez's counsel on document discovery and settlement negotiations). Moreover, because Martinez no longer works for defendants, the Court has little concern that defendants used improper leverage to secure settlement. *See Cisneros v. Schnipper Rest. LLC*, No. 13 Civ. 6266 (JMF), 2014 WL 67235, at *1 (S.D.N.Y. Jan. 8, 2014) (concerns about coercion "not as relevant when the plaintiffs no longer work for the defendant").

Second, the $7,000 settlement amount constitutes a substantial proportion (85.9%) of the total possible amount that Martinez could recover were she successful at trial ($8,154, including $1,680 in liquidated damages under the FLSA and $2,112 in liquidated damages under the NYLL). *See* Letter at 3; *id.*, Ex. B. And the $4,690 that Martinez would retain under the Revised Agreement would provide more than twice the full recovery of back wages ($2,112). *See* Letter at 3; *id.*, Ex. B.

Third, as this case has not proceeded beyond the early stages of discovery, settlement will save both parties substantial time and expenses. *See* Letter at 3 (noting that "[w]hile the parties have exchanged preliminary documents, they would still need to undergo formal discovery, and conduct depositions of all parties in order to establish their respective claims and defenses").

Fourth, even if Martinez were able to establish liability at trial, there is a considerable risk that she would not be awarded liquidated damages under either the FLSA or the NYLL, or at all. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) ("[D]istrict courts [have] discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith.'" (citing 29 U.S.C. § 260)); *Inclan v. N.Y. Hospitality Grp., Inc.*, No. 12 Civ. 4498 (NRB), 2015 WL 1399599, at *12

(S.D.N.Y. March 26, 2015) (collecting cases holding that plaintiffs are entitled to only one set of liquidated damages). In the latter scenario, the maximum Martinez could recover ($4,362, comprising back wages and statutory penalties) would be substantially less than the settlement amount. *See* Letter, Ex. B. Further, Martinez has valid concerns about collectability, *see* Letter at 4, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); *accord Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015).

Finally, none of the factors that weigh against settlement approval appear to be present. First, the Court is not aware of other employees in the same position as Martinez, who, as the sole plaintiff, will be the only employee affected by dismissal. *See Penafiel*, 2015 WL 7736551, at *2 (fact that "no other employee ha[d] come forward" supported settlement approval). Second, there is no indication of a pattern of FLSA violations by defendants or a likelihood that Martinez's circumstances will recur. Third, Martinez's complaint does not appear to raise novel factual or legal issues that would further the development of law in this area.

Therefore, having considered the totality of the circumstances, the Court finds the Revised Agreement fair and reasonable.

### B.    Approval of Attorneys' Fees

Both the FLSA and the NYLL are fee-shifting statutes that entitle plaintiffs to recover reasonable attorneys' fees and costs incurred successfully prosecuting wage-and-hour actions. *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012); *see* 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall . . . allow a reasonable attorney's fee to be paid by the defendant[s], and costs of the action."); N.Y. Lab. Law § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee [under the NYLL] in which the employee prevails,

the court shall allow such employee to recover . . . all reasonable attorney's fees.").  "Where plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties and are entitled to attorney's fees." *Andrews v. City of New York*, No. 10 Civ. 2426 (SHS), 2015 WL 4622489, at *2 (S.D.N.Y. Aug. 3, 2015); *see also Kahlil v. Original Old Homestead Rest., Inc*., 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) ("[T]he fact that [plaintiffs] prevailed through a settlement rather than through litigation does not weaken [plaintiffs'] claim to fees." (quoting *Maher v. Gagne*, 448 U.S. 122, 129 (1980))).

Here, the Revised Agreement allocates $2,310, or 33%, of the $7,000 settlement amount to attorneys' fees, costs, and expenses, to be paid to Lee Litigation Group, PLLC ("Lee Litigation"), which represents Martinez in this action.  *See* Dkt. 30.  This sum is considerably lower than that set by Martinez's contingency-fee arrangement with counsel, pursuant to which counsel was to receive the greater of 40% of the full settlement value ($2,800) or their claimed lodestar ($6,505).  *See* Letter at 5; Invoice at 18.  Regardless, the Court must independently ascertain the reasonableness of the requested fees.  *See Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015); *Penafiel*, 2015 WL 7736551, at *2 (citing 29 U.S.C. § 216(b) (allowing "a *reasonable* attorney's fee")) (emphasis in *Penafiel*).

The starting point for determining the presumptively reasonable fee award is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank & Trust Co*., No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro–North R.R. Co*., 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted).  As to the reasonable hourly rate, the Court's analysis is guided by the market rate "prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  The relevant community is this District.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190–91 (2d Cir. 2008).

Martinez's counsel has provided contemporaneous time records that document the work performed by members of Lee Litigation in connection with this action.  *See* Invoice.  The following chart reflects each timekeeper's position and hourly rate, the hours he or she worked on this case, and the resultant fees generated.

| Attorney | Position | Hourly Rate | Hours Worked | Total Fees |
|---|---|---|---|---|
| Anne Seelig | Counsel (>10 years' experience)[3] | $350 | 6.4 | $2,240.00 |
| Chloe Chong | First-year Associate | $175 | 8.0 | $1,400.00 |
| Angela Kwon | First-year Associate | $175 | 3.8 | $665.00 |
| Luis Arnaud | Paralegal | $125 | 8.8 | $1,100.00 |
| Jasmin Perez | Paralegal | $125 | 8.8 | $1,100.00 |
| **Total** | | | 35.8 | $6,505.00 |

Having reviewed the Invoice, the Court finds that it reflects sound billing practices:  It is sufficiently thorough, detailed, relevant, and easy to understand, and does not reveal duplication of effort.  Accordingly, the Court finds the hours that counsel expended reasonable.

---

[3] While Martinez's counsel does not specify exactly how many years Seelig has been practicing law, *see* Letter at 5 ("Seelig[] has more than ten years of experience practicing law."), "according to publicly available information, . . . Seelig [was admitted to the bar] in 2004," *Jimenez v. KLB Foods, Inc.*, No. 12 Civ. 6796 (JPO), 2015 WL 3947273, at *2 (S.D.N.Y. June 29, 2015).  The Court, therefore, estimates that Seelig, during this litigation, had approximately 11 years of experience.

To be sure, counsel's claimed hourly rates are higher than those typically awarded in this District to attorneys with commensurate levels of experience in employment actions. The Court must, therefore, reduce each timekeeper's rate for purposes of the lodestar analysis.

As to Seelig, the Court finds a reduced rate of $300 appropriate in light of (1) the rates typically commanded by similarly-experienced attorneys in FLSA cases in this District, (2) the rates Seelig herself has historically been awarded in FLSA actions in this District, and (3) the level of responsibility she has assumed in this action. *See Jimenez*, 2015 WL 3947273, at *2 (S.D.N.Y. June 29, 2015) (reducing Seelig's hourly rate to $250 where she was the second-most senior attorney on team); *Agudelo v. E & D LLC*, No. 12 Civ. 960 (HB), 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (same); *Aguilera v. Cookie Panache by Between the Bread, Ltd.*, No. 13 Civ. 6071 (KBF), 2014 WL 2115143, at *3–4 (S.D.N.Y. May 20, 2014) (reducing Seelig's rate to $200 per hour where she was second-most senior attorney on team); *Yuquilema v. Manhattan's Hero Corp.*, No. 13 Civ. 461 (WHP) (JLC), 2014 WL 4207106, at *14 (S.D.N.Y. Aug. 20, 2014) (collecting cases and reducing hourly rate of associate with nearly 10 years' experience to $300), *report and recommendation adopted*, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014); *Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402 (RLE), 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (awarding $350 per hour to attorneys with 12 years of legal experience); *Pascuiti v. N.Y. Yankees*, 108 F. Supp. 2d 258, 266 (S.D.N.Y. 2000) (collecting cases and noting that "the range of fees in this District for 'seasoned civil rights litigators,' particularly those in small firms, is between $200/hr and $300/hr").

As to Chong and Kwon, the Court finds a reduced rate of $150 per hour appropriate in light of the prevailing rate for first-year associates in FLSA actions in this District. *See, e.g.*, *Gonzalez v. Scalinatella, Inc.*, No. 13 Civ. 3629 (PKC) (MHD), 2015 WL 3757069, at *22

(S.D.N.Y. June 12, 2015) (collecting cases and awarding hourly rates of $200 to third-year associate, $175 to second-year associate, and $150 to first-year associate); *Alvarez v. 215 N. Ave. Corp.*, 13 Civ. 7049 (NSR), 2015 WL 3855285, at *8 (S.D.N.Y. June 19, 2015) (approving junior associate rates of $150 per hour); *Torres v. City of New York*, No. 07 Civ. 3473 (GEL), 2008 WL 419306, at *2 (S.D.N.Y. Feb. 14, 2008) ("[C]ourts have awarded amounts ranging from $125 to $200 per hour for attorneys with less than three years' experience.").

Finally, as to Arnaud and Perez, because Martinez's counsel has provided no information regarding their respective levels of experience as paralegals, the Court finds a reduced hourly rate of $75 reasonable. *See Spalluto v. Trump Int'l Hotel & Tower*, No. 04 Civ. 7497 (RJS) (HBP), 2008 WL 4525372, at *14 (S.D.N.Y. Oct. 2, 2008) (reducing proposed rate of $115 to $75 where information regarding paralegal's background and experience was not provided); *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 371 (S.D.N.Y. 2005) (reducing requested rate of $125 to $75 where plaintiff failed to submit information about paralegal's experience).

Based on the foregoing adjustments, the Court calculates a lodestar figure of $5,010.[4] This reduced amount, however, is still far greater than the $2,310 allocated to Lee Litigation

---

[4] The Court calculates this figure as follows:

| Attorney | Position | Adjusted Hourly Rate | Hours Worked | Total Fees |
|---|---|---|---|---|
| Anne Seelig | Counsel (>10 years' experience) | $300 | 6.4 | $1,920.00 |
| Chloe Chong | First-year Associate | $150 | 8.0 | $1,200.00 |
| Angela Kwon | First-year Associate | $150 | 3.8 | $570.00 |
| Luis Arnaud | Paralegal | $75 | 8.8 | $660.00 |
| Jasmin Perez | Paralegal | $75 | 8.8 | $660.00 |
| **Total** | | | 35.8 | $5,010.00 |

under the Revised Agreement.  Moreover, as noted, $2,310 represents one-third of the total

settlement award—a proportion that is routinely approved by courts, especially where, as here, it

comports with the lodestar amount.  *See, e.g.*, *Caprile v. Harabel Inc.*, No. 14 Civ. 6386 (MHD),

2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (approving payment of one-third of

settlement amount to plaintiffs' counsel where that amount was "considerably less than the

lodestar and consistent with the reasonable needs of the lawsuit"); *Meza v. 317 Amsterdam

Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) ("[C]ourts

regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.")

(collecting cases); *Spicer v. Pier Sixty LLC*, No. 08 Civ. 10240 (PAE), 2012 WL 4364503, at *4

(S.D.N.Y. Sept. 14, 2012) (awarding plaintiffs' counsel one-third of the net settlement amount);

*deMunecas v. Bold Food, LLC*, No. 09 Civ. 440 (DAB), 2010 WL 3322580, at *9 (S.D.N.Y.

Aug. 23, 2010) (collecting cases awarding plaintiffs' counsel 33% of settlement fund in FLSA

actions).  The Court, therefore, finds the Revised Agreement's provision for attorneys' fees fair

and reasonable.

## CONCLUSION

For the foregoing reasons, the Court approves the Revised Agreement, pursuant to which

Martinez is to recover $4,690 and her counsel is to receive $2,310.  This action is hereby

dismissed with prejudice, and the Clerk of Court is respectfully directed to close this case.


SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge


Dated: February 11, 2016
       New York, New York